```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

KRISTY D. HARLAN,              )
                               )
        Plaintiff              )
                               )      NO. 3:08-0959
v.                             )      Judge Echols/Brown
                               )
DAVID C. TORRENCE, METROPOLITAN )
GOVERNMENT OF NASHVILLE        )
AND DAVIDSON COUNTY,           )
                               )
        Defendants             )

**TO: THE HONORABLE ROBERT L. ECHOLS**

### REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is the Defendant Torrence's motion for judgment on the pleadings (Docket Entry 13). The Plaintiff has not responded to this motion, and for the reasons stated below the Magistrate Judge recommends that the complaint against the Defendant Torrence be dismissed with prejudice and that the case proceed against Metropolitan Government of Nashville and Davidson County (Metro).

### I. Background and Legal Discussion

The Plaintiff proceeding *pro se* and *in forma pauperis* filed a complaint against David C. Torrence and Metro (Docket Entry 1). Mr. Torrence filed an answer and a motion for judgment on the pleadings on November 10, 2008 (Docket Entries 12 and 13). A memorandum in support of the motion for judgment was subsequently filed on November 14, 2008 (Docket Entry 15). The motion for judgment on the pleadings is based on the fact that the Plaintiff

has filed Title VII claims against Mr. Torrence, individually, and that Title VII does not allow for imposition of liability against individual defendants. The motion further recites that the Plaintiff has also sued Metro. Mr. Torrence cites the case of *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003) for the proposition that Title VII does not allow imposition of liability against individual supervisors, only against the actual employer. The *Akers* case relies on an earlier Sixth Circuit case, *Wathen v. General Electric*, 115 F.3d 400, 403-404 (6th cir. 1997). Both of these cases make it clear that the Plaintiff's employer is responsible under Title VII, but that individual supervisors are not liable. In this case the Plaintiff has named Metro as a defendant and, therefore, her case may proceed against Metro as it is undisputed that Metro is, in fact, her employer. However, Mr. Torrence, as an individual supervisor, is not individually liable and the claims against him should be dismissed with prejudice.

## II. Recommendation

For the reasons stated above, the Magistrate Judge recommends that the claims against Mr. Torrence be dismissed with prejudice and this case proceed against Metro.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 10 days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said

2

objections shall have 10 days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within 10 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 17th day of December, 2008.

/s/
JOE B. BROWN
United States Magistrate Judge