UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KRISTY D. HARLAN,               )
                                )
          Plaintiff             )
                                )         NO. 3:08-0959
v.                              )         Judge Echols/Brown
                                )
DAVID C. TORRENCE, METROPOLITAN )
GOVERNMENT OF NASHVILLE         )
AND DAVIDSON COUNTY,            )
                                )
          Defendants            )

**TO:  THE HONORABLE ROBERT L. ECHOLS**

### REPORT AND RECOMMENDATION

The Defendant David C. Torrence has filed a motion requesting that the Court direct the entering of final judgment as to him pursuant to Federal Rules of Civil Procedure 54(b) (Docket Entry 23).  For reasons stated below, the Magistrate Judge recommends that this motion be granted and the Court enter a final judgment as to the dismissal of the case as to David C. Torrence.

### Background

The Plaintiff filed a Title VII case against David C. Torrence, the Criminal Court Clerk of Nashville, Davidson County, as well as the Metropolitan Government of Nashville, Davidson County, alleging violations of 42 U.S.C. § 2000(e-5) (Docket Entry 1).  Subsequently, Mr. Torrence filed a motion for a judgment on the pleadings (Docket Entry 13), arguing that under Title VII liability, if any, is that of the Metropolitan Government and not Mr. Torrence as an individual.  The Plaintiff did not respond to

this motion and, accordingly, the undersigned prepared a report and recommendation (Docket Entry 18) recommending that the case against Mr. Torrence be dismissed with prejudice and proceed only against the Metropolitan Government of Nashville and Davidson County (Metro). The Plaintiff filed no objection to the report and recommendation and the District Judge entered an order accepting the report and recommendation and dismissing all claims against Mr. Torrence individually (Docket Entry 22).

## Legal Discussion

As pointed out in the earlier report and recommendation, the case law is well settled that the Plaintiff's complaints under Title VII are against her employer and not against an individual who is not her actual employer. In this case, the Plaintiff was employed by Metro and not by Mr. Torrence individually.

Mr. Torrence points out that if a final judgment is not entered as to him, they will be unable to have a resolution of his status finalized until such time as the entire case is resolved. Entering a final judgment as to him under Rule 54(b) would require the Plaintiff to either appeal that issue within 30 days of an entry or to forego any appeal as to Mr. Torrence individually.

During a telephone conference with the parties on April 7, 2009, the Plaintiff stated that she would like to appeal Mr. Torrence's dismissal. She has filed no objection to his motion for certification of a final judgment.

2

Under these facts, the Magistrate Judge believes that there is no reason to leave Mr. Torrence's status pending until the conclusion of the case and that there is, therefore, no just reason for delay after entering a final judgment as to Mr. Torrence.

## Recommendation

For the reasons stated above, the Magistrate Judge recommends that pursuant to Federal Rules of Civil Procedure 54(b), the Court expressly determine that there is no just reason for delay of entry of a final judgment as to Mr. Torrence and that the Court accordingly enter such a judgment.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 10 days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have 10 days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within 10 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 16th day of April, 2009.

/s/ JOE B. BROWN
JOE B. BROWN
United States Magistrate Judge

3