UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KRISTY D. HARLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:08-0959 |
| | ) Judge Echols |
| DAVID C. TORRENCE, and | ) |
| METROPOLITAN GOVERNMENT | ) |
| OF NASHVILLE AND DAVIDSON | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On March 11, 2009, this Court entered an Order (Docket Entry No. 22) in this Title VII discrimination case accepting and approving a Report and Recommendation ("R & R") (Docket Entry No. 18) from the Magistrate Judge and granting Defendant David C. Torrence's ("Torrence's") Motion for Judgment on the Pleadings (Docket Entry No. 13). In doing so, the Court observed that "Plaintiff's employer was the Metropolitan Government of Nashville and Davidson County, not Defendant Torrence, and Title VII does not allow the imposition of liability against individuals." (Docket Entry No. 22 at 2).

The Magistrate Judge has now entered an R & R (Docket Entry No. 27) in which he recommends that Defendant Torrence's "Motion to Direct Entry of Final Judgment" (Docket Entry No. 23) be granted and a final judgment be entered as to him. Plaintiff has filed an objection to the R & R (Docket Entry No. 29), arguing that Defendant Torrence should not be dismissed because he was the Criminal Court Clerk and was responsible for the operation of the office in which Plaintiff worked.

1

When a party makes timely objections to the R & R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3). Having undertaken *de novo* review, the Court will accept the Magistrate Judge's recommendation.

In her objection, Plaintiff does not directly address the issue of certification of a final judgment against Defendant Torrence, but instead merely argues that Defendant Torrence should remain in the case because he was the head of the office in which the alleged discrimination occurred. That argument comes too late, as the claims against Defendant Torrence have already been dismissed. In any event, Plaintiff's objection is without merit. Title VII prohibits *employers* from engaging in unlawful employment practices, 42 U.S.C. § 2000e, and "[t]he law is clear in this circuit that individual liability may not be imposed on an employee, provided that the employee himself cannot be classified as an 'employer,' under Title VII." Bangas v. Potter, 145 Fed. Appx. 139, 141 (6th Cir. 2005).

With respect to certification of a final judgment, Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen more than one claim for relief is presented in an action," the district court may "direct the entry of a final judgment as to one or more but fewer than all of the claims," as long as the court makes "an express determination that there is no just reason for delay and upon express direction for the entry of judgment." Fed. R. Civ. P. 54. The Sixth Circuit has set forth a "nonexhaustive list" of factors a court should consider in determining the appropriateness of entering a final judgment on less than all of the claims and parties:

2

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the factors of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

Akers v. Alvey, 338 F.3d 491, 495 (6th Cir. 2003)(citations omitted). "The court is free to weigh the factors unequally based on a case-by-case basis and need not find that each factor favors certification in order to grant it." S.E.C. v. Blackwell, 2007 WL 116932 at *2 (S.D. Ohio 2007)(citing, Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 12 (1980)).

In this case, analysis of the relevant factors leads this Court to conclude that entry of a final judgment with respect to Plaintiff's claims against Defendant Torrence is appropriate. Plaintiff's claims against Defendant Torrence are separate from her claim against the Metropolitan Government of Nashville and Davidson County since, as already indicated, the law is clear in this circuit that her former employer, Metro, is the only proper Defendant to Plaintiff's Title VII claims. Because of that, there is little possibility that the need for review of her claim against Defendant Torrence will be mooted by further litigation in this case, and there is little possibility that the Sixth Circuit would have to consider the claims against Defendant Torrence a second time were Plaintiff or Metro to appeal a final judgment entered at the conclusion of the case. Further, Defendant Torrence has filed no counterclaims. Finally, Defendant Torrence could be prejudiced from delay because, as he puts it, he "faces a prolonged period of uncertainty, not knowing if his individual assets are still at risk" (Docket Entry No. 23 at 2). This is of particular concern since he should not have been named as a Defendant in the first place.

Accordingly, the Court enters the following rulings:

(1) The R & R (Docket Entry No. 27) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's Objection to the R & R (Docket Entry No. 29) is hereby OVERRULED;

(3) Defendant Torrence's "Motion to Direct Entry of Final Judgment" (Docket Entry No. 23) as to him is hereby GRANTED;

(4) The Clerk is DIRECTED to ENTER a final judgment in accordance with Fed. R. Civ. P. 54(b) with respect to Plaintiff's claims against Defendant Torrence;

(5) Plaintiff's claims against Defendant Metropolitan Government of Nashville and Davidson County shall remain PENDING; and

(6) This case is returned to the Magistrate Judge for further pretrial case management in accordance with Local Rule 16.01.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE